## MARTIN *v.* PITTMAN, SHERIFF.

May 11, 1953

No. 38803          31 Adv. S. 26          64 So. 2d 632

*Wingo & Finch,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

504

Per Curiam.

This is a habeas corpus proceeding, instituted on October 4, 1952, by the petitioner, G. W. Martin, to secure his release from the custody of the respondent, J. E. Pittman, Sheriff of Jasper County, who was holding him in jail on account of the fact that he had been convicted of the crime of murder on August 22, 1952.

The petitioner sought his release from custody on the ground that further confinement in jail would greatly impair his health or endanger his life pending his appeal from the conviction of murder to the Supreme Court. The trial judge denied the petitioner bail at the hearing on the petition for the writ of habeas corpus, and he prosecuted this appeal. Thereafter, on December 13, 1952, the petitioner filed a motion to have the cause advanced for hearing on the docket of this Court, which was accordingly done, and the case was set for hearing and was submitted for decision on the second Monday in February 1953.

In the meantime, the appeal of the case from the conviction of murder had been perfected and the cause was placed on the docket for hearing on the merits as Cause

No. 38,717, and the same is being this day reversed and remanded for a new trial.

In view of the fact that this habeas corpus proceeding was not advanced on the docket for hearing prior to the second Monday in February, the motion therefor not having been filed until December 1952, we have withheld a decision herein pending the decision on the appeal from the petitioner's conviction of murder.

The question of allowing appellant bail during the period that he will be awaiting another trial under the indictment for murder, has now been considered in conference by seven members of the Court and with the result that a majority have reached the conclusion that the judgment of the trial court in denying bail pending the appeal on the merits in Cause No. 38,717 should be affirmed, but without prejudice to the right of the petitioner in this habeas corpus proceeding to ask for bail pending another trial on the charge of murder in the light of any proof that he may be able to make as to his present state of health and the likelihood of further confinement having the result of impairing his health or endangering his life. Some of the judges participating in this decision are of the opinion that the petitioner made a sufficient showing on the hearing of the petition for habeas corpus to entitle him to be released from confinement, and that it was error to deny him bail pending the appeal in said Cause No. 38,717. On the vote of the majority the cause will be and the same is hereby affirmed without prejudice.

Affirmed.